1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                   CENTRAL DISTRICT OF CALIFORNIA
9                           WESTERN DIVISION
10

| | |
|---|---|
| ALLEN LINGENFELTER, ) | No. SA CV 03-00264-VBK |
| ) | |
| Plaintiff, ) | ORDER AWARDING ATTORNEY FEES |
| ) | PURSUANT TO 42 U.S.C. §406(b) |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I**

**INTRODUCTION**

On August 25, 2009, this matter was reassigned to the undersigned, due to the unavailability of the judicial officer. On August 27, 2009, the parties filed a Statement of Consent to Proceed Before a United States Magistrate Judge Pursuant to Title 28 U.S.C. §636(c).

Now pending before the Court is the "Joint Petition for Approval of Attorney's Fees Under 42 U.S.C. §406(b)," filed by Plaintiff's counsel ("Fee Motion"). The Court has also received and reviewed "Defendant's Response to Plaintiff's Counsel's Petition for

Attorney's Fees Under 42 U.S.C. §406(b)" ("Response"), and, finally, Petitioner's "Reply in Support of Petition for Approval of Attorney's Fees Under 42 U.S.C. §406(b)" ("Reply").

The procedural history of this matter is summarized in the Response and will be briefly set forth here. Plaintiff Allen Lingenfelter ("Plaintiff") filed an application for disability insurance benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act on August 19, 1997. After Plaintiff's claims were administratively denied, he filed a complaint and the instant action commenced pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).

On September 19, 2004, the Court accepted and adopted the Magistrate Judge's Report and Recommendation and issued an Order and Judgment affirming the Commissioner's final decision. Plaintiff filed an appeal on November 5, 2004. The matter was briefed, and oral argument was heard. Thereafter, the Ninth Circuit reversed and remanded the matter for calculation and award of benefits. Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007).

As documented in the Fee Motion, Plaintiff was awarded past-due benefits of $136,845.00. (Fee Motion, Exhibit ["Ex."] 2.) In addition, past-due child's benefits were awarded to Amber L. Lingenfelter ("minor") in the amount of $24, 936.00. (Id. Ex. 3.) The Commissioner has withheld $34,211.25 from the past-due benefits awarded to Plaintiff, and $8,312.00 from past-due benefits awarded to the minor, for a total of $42,523.25. Plaintiff's counsel seeks an award in that amount pursuant to 42 U.S.C. §406(b). It appears that no prior or other award of fees has been made.

The Commissioner filed a response which neither opposes nor supports the petition. Rather, the Commissioner's position is only that the requested fee of $42,523.25 must be "reasonable" under the guidelines enunciated in Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

## II

## **DISCUSSION AND ANALYSIS**

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. §406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In Gisbrecht, supra, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b). Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check,

> to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits... Within the 25 percent boundary,...the attorney for the successful claimant must show that the fee sought is **reasonable for the services rendered**.

122 S.Ct. at 1828 (emphasis added).

In determining whether the $42,523.25 award sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors, which will be discussed herein.

The Court first notes that Plaintiff's counsel represented Plaintiff both in the litigation in the United States District Court, and in the appeal to the Ninth Circuit. It appears that past-due benefits were awarded to the minor based upon the success of Plaintiff's case in the Ninth Circuit. Indeed, a review of the hours expended by Plaintiff's counsel (Ex. 4 to Fee Motion) indicates that all legal services were performed in Plaintiff's case, but none on behalf of the minor. Although, of course, the award of past-due benefits to the minor is an indirect byproduct of the success of Plaintiff's counsel in obtaining past-due benefits for Plaintiff, nevertheless, the Court considers it a relevant factor that no specific legal services were provided by Plaintiff's counsel on behalf of the minor. To that extent, the request by Plaintiff's counsel to receive $8,312.00, or 25 percent of the past-

due benefits of $32,248.00 awarded to the minor, would be a windfall.[1]

The Court next observes that the issues in Plaintiff's case are simple and straightforward. Indeed, the matter was decided in the Ninth Circuit on only one issue: whether substantial evidence supported the Administrative Law Judge's ("ALJ") determination to depreciate Plaintiff's credibility with regard to his complaints of excess pain. This is an extremely common issue in Social Security cases. Indeed, this Court has reviewed the decision of the Ninth Circuit, and finds nothing novel in its analysis or discussion of this issue. The Ninth Circuit found that, in rejecting Plaintiff's credibility as to his excess pain, the ALJ had failed to adequately comply with the standards announced in Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991 (en banc)(see Lingenfelter v. Astrue, 504 F.3d at 1036)). The Ninth Circuit determined that Plaintiff's claims as to his excess pain should be accorded full credibility, and that there would be no available work if his claims were accepted. Consequently, the matter was remanded for calculation and award of benefits.

The Court further observes that Plaintiff's counsel expended 5 hours in preparation of his portion of the Joint Stipulation filed in the District Court. (See Fee Motion, Ex. 4.) In contrast to this, 22.25 hours were assertedly expended in preparation of Plaintiff's Opening Brief in the Ninth Circuit, and 5.75 hours in preparation of his Reply Brief. (Id.) Thus, of the total of 54.75 hour claimed here, over half of that, or 28 hours, was assertedly

---

[1] Moreover, Plaintiff's counsel has not filed any documentary evidencing a fee arrangement for representation of the minor.

expended in preparation of briefs before the Ninth Circuit.  The Court deems that this amount of time is grossly excessive, in view of the fact that there was one issue presented both in the District Court and the Court of Appeal, and that briefing in the District Court consumed only 5 hours of time.  No explanation is given in the Fee Motion as to why an additional 28 hours of time was required to prepare appellate briefs, when the issue had already been briefed in the District Court.  While this Court understands that some additional time would be necessary, an additional 23 hours to brief the single issue is clearly excessive.

The Court also notes that Plaintiff's counsel bills in one-quarter of an hour increments.  The Court takes notice that the State Bar of California, on its website, has posted a sample fee agreement for hourly billing, which provides for incremental billing in one-tenth of an hour increments.  The Court believes that this is the prevailing standard in the legal community for hourly billing.  Although this case did not involve hourly billing, the Court deems that by logging hours in one-quarter hour increments, which is two and one-half times the one-tenth hour increments recommended by the State Bar, significant additional time is claimed which is not typically expended.  For example, the Court notes the time entry of November 10, 2004, denominated as "receipt of Notice of Appeal filed doc. from USDC and related docs," for which one-quarter hour is claimed.  Similarly, one-quarter hour was logged on November 26, 2004 for "receipt of order from 9th Circuit Civil Appeals Docketing Statement."  There are additional such examples throughout the "Summary of Services" provided by Plaintiff's counsel, and in each such instance, the Court deems that excessive

6

time was logged for the services rendered.

In addition, Plaintiff's counsel has not provided the Court with his usual hourly rate, indicating that his office almost exclusively practices disability law, which is almost always contingent, "so providing a normal hourly rate is not possible because it is so rare." (See Declaration of Troy Monge, at 3.) The Court does note, however, that Mr. Monge has been practicing law for only eight years. Further, he does not provide any indication of the rate of success of his law firm in practicing Social Security law before the District Court, so that the Court is, again, hindered in determining the extent of risk which is assumed by his firm in taking this type of case.

As against these factors, the Court recognizes that Plaintiff's counsel undertook the appeal to the Ninth Circuit after not prevailing in the District Court, and thus, undertook some substantial risk. Further, the result is noteworthy, in that substantial past-due benefits were paid.

Under Gisbrecht, the Court gives substantial weight to contingent fee arrangements. In this case, however, it does not appear that there is such a contingent fee arrangement with regard to fees under §406(b). (See Ex. 1 to Fee Motion.) Nevertheless, the Court is aware that Plaintiff has signed a declaration requesting that his attorneys receive the full requested fee, which amounts to 25 percent of the gross benefits paid both to Plaintiff and the minor in this case.

Considering the foregoing, the Court makes the following determinations:

 1.   Plaintiff's counsel is not entitled to any fees based upon

7

      past-due benefits paid to the minor, since Plaintiff's counsel performed no services in obtaining those past-due benefits for the minor. The minor received child's benefits as an indirect result of the favorable result obtained by Plaintiff's counsel on behalf of Plaintiff.

2. With regard to services performed on behalf of Plaintiff, the Court determines that 28 hours assertedly spent in preparing the briefs in the Ninth Circuit is grossly excessive. Considering the fact that these matters had been already briefed before the District Court, and are commonplace issues in Social Security cases, the Court determines that 14 hours of additional time for preparation of appellate briefs is adequate and reasonable.

3. The logging of hours in one-quarter hour increments has resulted in an inflation of hours expended by Plaintiff's counsel. Although this cannot be determined with scientific accuracy, the Court will determine that of the remaining hours, there is an inflation rate of 25 percent.[2]

Based on the foregoing, the Court determines that the adjusted hours, prior to deduction based on inflation for quarter-hour increments, is 40.75 hours. This amount will be reduced by 25 percent, thus resulting in an allowed expenditure of 30.56 hours.

---

[2] A 25 percent reduction is likely overly conservative, as billing in quarter-hour increments, as against tenth-hour increments, would result in an inflation multiple of 2.5.

8

What remains for the Court to determine is a reasonable hourly rate. Based on numerous factors, including the experience of counsel, the risk in taking this case, and the result achieved, the Court determines that $600.00 per hour appropriately reflects all of these factors and is fair and reasonable compensation. Consequently, the Court awards fees in the amount of $18,337.50.

**IT IS SO ORDERED.**

DATED: September 3, 2009                    /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE